Per Curiam.

Defendant was adjudged a youthful offender based on a violation of subdivision 2 of section 483 of the Penal Law.
The testimony shows that defendant first gave and thereafter sold certain pills, commonly called “ goof balls ” to the complaining witness and her girl friend, both under 16, and that he told them that the pills would induce a loss of memory, that *798 they would make the girls happy and even friendly to persons they disliked.
In fact, the pills made the girls groggy, sleeply, forgetful, talkative and even appeared to create a temporary change in personality.
The evidence also showed that defendant was well aware of the deleterious and harmful reactions caused by the pills. His conduct under the circumstances was deliberate and willful, creating a condition wherein the complainant was placed in a situation where her health was likely to be injured and her morals, as well, likely to be impaired. His guilt was established beyond a reasonable doubt. Since he was not charged with the sale of narcotics or other proscribed materials, a medical analysis of the pills was unnecessary.
The judgment should be affirmed.
McDonald, J., dissents and votes for a reversal and dismissal of the complaint with the following memorandum:
Defendant was adjudged a youthful offender based upon the underlying charge of selling “ goof balls ” which were ingested by a 15-year-old girl. The complaint alleges that this girl was thereby placed in such a situation that her health was likely to be injured and her morals were likely to be impaired, in violation of subdivision 2 of section 483 of the Penal Law. The record is barren of any proof as to the meaning of the term ‘ ‘ goof balls ” or, as to the chemical ingredients and effects produced by the article so described when taken internally. In my opinion, the testimony of the complainant and her friend that they experienced varying sensations of being groggy, sleepy, friendly or talkative after taking “ goof balls ” falls short of proof beyond a reasonable doubt that her health was likely to be injured or her morals likely to be impaired so as to support a conviction under the statute here involved.
Benjamin and Brown, JJ., concur in Per Curiam opinion; McDonald, J., dissents in memorandum.
Judgment affirmed, etc.