■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD A. LUCHSINGER, Appellant. — Judgment unanimously reversed, on the law and facts, and indictment dismissed. Memorandum: Upon conflicting proof the jury could find that in November, 1971 the 14-year-old girl in this case moved into an apartment across the street from the house in which her mother lived for purposes of living with her older sister; that there was evidence either that she left voluntarily or was forced out of the house by her mother; that the sister's apartment was on the second floor of a building owned by defendant, age 33 years; that defendant operated a neighborhood grocery store on the first floor and lived in an apartment on the second floor next to the girl's sister; that defendant's apartment had four rooms including two bedrooms and that another male lived there also; that during the three-month period in question this girl was present in defendant's apartment on various occasions during the day, in the evening, and that the girl sometimes stayed in defendant's

apartment overnight; that sometimes the girl was present in defendant's apartment in her night clothes with a floor length housecoat over them; and that some of her clothes were seen in the apartment. The girl and defendant's witnesses denied that she ever stayed overnight in the apartment. They explained the clothes by stating that the girl and her sister did their laundry in defendant's washer and the girl claimed that the only time she was in the apartment in her housecoat her sister and others were present. There was no evidence that defendant and the girl shared a bed, that they displayed affection or familiarity towards each other or that their relationship was improper and there was no evidence that defendant enticed or compelled the girl to come to his apartment. The jury was permitted on this evidence to draw the inference that defendant and the girl had entered into an immoral relationship and defendant was convicted of endangering the welfare of a child (Penal Law, § 260.10). The statute makes punishable acts "likely to be injurious to the physical, mental or moral welfare of a child". Evidence of defendant's wrongdoing was entirely speculative. Circumstantial evidence must exclude to a moral certainty every other reasonable hypothesis but guilt (*People* v. *Taddio*, 292 N. Y. 488, 489; *People* v. *Carpenito*, 292 N. Y. 498, 499). The occasional presence of the child in defendant's apartment without proof of some conduct on the part of defendant detrimental to her well-being is not sufficient to support his conviction. (Appeal from judgment of Onondaga County Court convicting defendant of endangering the welfare of a child.) Present — Moule, J. P., Cardamone, Simons, Mahoney and Goldman, JJ.