OPINION OF THE COURT
Edward M. Davidowitz, J.
The defendant is charged with burglary in the first degree, *763 criminal possession of a weapon in the fourth degree, endangering the welfare of a child (three counts), criminal mischief in the fourth degree, and assault in the second degree (two counts). The charges arise from allegations that, at about 11:45 p.m. on December 9, 1985, the defendant entered Maria Baez’s apartment at 1515 Macombs Road in The Bronx by breaking the door, then injured her by hitting her in the arm with a bat. He moves for omnibus relief, including inspection of the Grand Jury minutes and dismissal of the indictment.
The defendant does not present any facts to sustain his burden of demonstrating reasonable cause to believe the evidence before the Grand Jury was legally insufficient (CPL 210.30; People v Lopez, 86 Misc 2d 111). Nevertheless, particularly since the People have not opposed the motion for inspection, but, rather, have provided the court with a copy of the Grand Jury minutes, this court, in its discretion (CPL 210.30 [4]), read the minutes.
Counts Nos. 3, 7 and 8 charge the defendant, respectively, with endangering the welfare of Miguel Baez and Alberto Gonzalez, males under 16, and Maria Gonzalez, a female under 17. The evidence before the Grand Jury disclosed that these were Maria Baez’s children, that they were present in the apartment when the incident occurred and that Miguel was eight. There was no evidence as to the ages of Alberto or Maria, or of the children’s precise whereabouts in the apartment.
Penal Law article 260 defines five crimes which generally assure that the physical, emotional and custodial well-being of children are protected. Penal Law § 260.10 is part of that statutory scheme. It prohibits conduct likely to be injurious to the "physical, mental or moral welfare” of children where the person engaging in such conduct is aware that it is likely to be detrimental to the child’s welfare (cf. Penal Law § 15.05 [2]). The section is basically intended to enhance the Family Court Act provisions controlling the acts of adults which are likely to result in neglect or delinquency of children where Family Court proceedings would be inappropriate for that purpose (see, Hechtman, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 260.10, p 408). Prosecutions under section 260.10 have traditionally dealt almost exclusively with sexual offenses or morals cases (see, e.g., People v Rice, 17 NY2d 881; People v Egan, 103 AD2d 940; People v Ahlers, 98 AD2d 821; cf. People v Luchsinger, 46 AD2d 728), although the statute has also been invoked in *764 other situations in which an adult has knowingly engaged in conduct directly harmful to the children involved (see, e.g., People v Bergerson, 17 NY2d 398 [child supplied with beer by defendant and subsequently killed by car while walking on highway]; People v Ammirati, 42 Misc 2d 797 [defendant provided children with illegal drugs, knowing and misrepresenting to them the harmful effects of the drugs]).
In short, a charge of endangering the welfare of a child should only be brought in cases where there is a direct nexus between the adult’s conduct and the potential harm to the child’s welfare — that is, where the actor’s misconduct is focused directly upon the child or his welfare. The statute cannot be used to protect children from general harms resulting from behavior directed towards others, no matter how detrimental the ultimate effect on children of their witnessing violence, dishonesty, or other societal ills might be.
Viewed in the light most favorable to the People (People v Warner-Lambert Co., 51 NY2d 295, 304), the strongest inference that could be drawn from the evidence was that the defendant committed the crimes charged in counts Nos. 1, 2, 4,-5 and 6 of the indictment while at least three other people, one of whom was an eight-year-old child, were somewhere in the apartment; that is insufficient to support charges of endangering the welfare of children, and counts Nos. 2, 7 and 8 are accordingly dismissed.
The evidence presented to the Grand Jury with respect to counts Nos. 1, 2, 4, 5 and 6 satisfied the requirements of CPL 190.65 and the instructions to the Grand Jury were adequate. Thus, the motion to dismiss for legal insufficiency with respect to those counts is denied.