OPINION OF THE COURT
William Miller, J.
The defendant moves to dismiss the charge of Penal Law *362 § 260.10, endangering the welfare of a child on the grounds of legal insufficiency.
The factual portion of the accusatory instrument alleges that the defendant pointed a gun at and threatened the complaining witness, while her 11-year-old daughter was standing next to her. A nonhearsay supporting deposition signed by the informant has been submitted.
The sufficiency of Criminal Court accusatory instruments is governed by CPL 100.15 and 100.40, which require that, "Non-hearsay allegations of the factual part of the information and/ or of any supporting depositions establish, if true, every element of the offense charged”. (CPL 100.40 [1] [c].)
Penal Law § 260.10 (1), in pertinent part, provides that a person is guilty of endangering the welfare of a child when he, "knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child.”
Penal Law § 15.05 (2) indicates that, "A person acts knowingly with respect to conduct or to circumstance described by a statute defining an offense when he is aware that his conduct is of such nature or that such circumstance exists.”
The defense cites two cases in support of the motion to dismiss. In People v Villacis (143 Misc 2d 568) the court found the language of Penal Law § 260.10 (1) to be "unconstitutionally vague” and also held that the statute was designed only to protect children from those who were exerting some influence or "control” over them.
The other case cited by the defense, People v Suarez (133 Misc 2d 762, 764), found that the statute was not applicable to "behavior directed towards others, no matter how detrimental the ultimate effect”.
According to the facts in Suarez (supra), the mother was beaten with a bat while the children were "somewhere” else in the apartment. As such, the court’s conclusion therein becomes more comprehensible.
In a subsequent case, People v Morbelli (144 Misc 2d 482), the court pointed out that a constitutional challenge to an earlier version of the endangerment statute for vagueness was rejected by the Court of Appeals in People v Bergerson (17 NY2d 398) and also indicated that "control” under Penal Law § 260.10 (1) does not necessarily mean the same kind of responsibility for the child required under subdivision (2).
The court in People v Ali (144 Misc 2d 543, 546-547) noted that Penal Law § 260.10 uses " 'ordinary terms to express *363 ideas which find adequate interpretation in common usage and understanding’ ” (citing People v Byron, 17 NY2d 64, 67) and held that, "there can be no doubt that the statute is not unconstitutionally vague” (supra, 144 Misc 2d, at 547).
Referring to the holding in Suarez (supra) that the behavior must be focused on the child, the court in People v Grillo (NYLJ, Feb. 22, 1990, at 27, col 2) found "no such limitation” in the statute, but warned against "prosecutorial overuse” (supra, at 27, col 3).
The endangerment statute in question, although its wording may be criticized, is the only legal mechanism provided to this court by the Legislature to protect the children of our community from being placed in jeopardy by others.
The issue of mental culpability in such cases must often be inferred by the conduct and circumstances described. The accusatory portion of the instrument alleges that the defendant, "did knowingly act in a manner likely to be injurious to the physical, mental or moral welfare of a child.” It takes little imagination, in this instance, to be aware that pointing a gun at a person with the threat of using it will also endanger, frighten and traumatize a child standing alongside. (See, People v Roque, 108 Misc 2d 965; People v Agron, 10 NY2d 130.)
The history of Penal Law § 260.10, however, makes clear that this statute is intended to protect minors from more than just physical risk. (See, Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 260.10, at 347.)
This court also wishes to point out that the requirements of pleadings should not be confused with the greater burden of proof at trial under CPL 70.10 and 70.20. (See, People v Bouyea, 142 AD2d 757; People v Gore, 143 Misc 2d 106.)
Although it is true that the criminal courts are inundated by cases, the need for expedient dispositions must never override our primary mandate to seek the truth of the issues and secure a just resolution for all. While the language of the law may sometimes be cumbersome, the justice intended should not be unclear.
For the foregoing reasons, the court holds that the allegations herein are sufficient to establish a prima facie charge of endangering the welfare of a child. As pointed out in People v *364 Rivera (NYLJ, Mar. 13, 1989, at 26, col 5), further detail is the function of a bill of particulars.
Accordingly, the defendant’s motion to dismiss pursuant to CPL 170.30 and 170.35 must be denied and the matter is continued for trial.