OPINION OF THE COURT
Denis J. Boyle, J.
Defendant stands charged with two counts of operating a motor vehicle while under the influence of alcohol or drugs *437 (Vehicle and Traffic Law § 1192 [2], [3]) and one count of endangering the welfare of a child (Penal Law § 260.10 [1]).
He moves to dismiss count three of the misdemeanor complaint, endangering the welfare of a child, for facial insufficiency and alternatively, in the interest of justice. (See, CPL 170.30 [1] [a], [g]; 170.35, 170.40.)
I will address, first, that branch of defendant’s motion which is premised on alleged facial insufficiency.
The statutory standard governing challenges to the facial insufficiency of an accusatory instrument is contained in CPL 100.40. By its terms, the statute requires that, to be facially sufficient,
"(b) [t]he allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged * * * and
"(c) Non-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant’s commission thereof.” (CPL 100.40 [1] [b], [c]; see also, People v Adamo, 94 Misc 2d 686.)
Resolution, therefore, of defendant’s motion requires that it be analyzed within the factual context which gave rise to the instant charges. The factual allegations contained in the misdemeanor complaint together with those reflected in the supporting deposition of Police Officer Lopez, state in substance, that at approximately 9:30 p.m., on the evening of July 13, 1991, defendant was driving his automobile on the Triboro Bridge while in an intoxicated condition and that "two small children” were passengers in the car at the time. The factual allegations in support of the complaint further indicate that defendant "had watery and bloodshot eyes * * * slurred speech, had the odor of an alcoholic beverage on his breath and was unsteady on his feet.” Moreover, the complaint indicates that a test was administered, pursuant to the provisions of Vehicle and Traffic Law § 1194, to determine the defendant’s blood alcohol content and that the results of this test indicated he had a blood alcohol content of .18 of one per centum by weight of alcohol in his blood.
Defendant cites two cases in support of his motion to dismiss. In People v Villacis (143 Misc 2d 568), the court found the language of Penal Law § 260.10 (1) to be unconstitutionally vague and held further, that the statute was intended to *438 extend only to defendants who were exerting influence or control over children. I do not find Penal Law § 260.10 (1) to be unconstitutional (see, People v Bergerson, 17 NY2d 398; People v Ali, 144 Misc 2d 543). Moreover, People v Villacis (supra) is inapposite for the additional reason that no issue exists in the case before me as to the defendant’s "control” over the children.
The real gravamen of defendant’s motion to dismiss for facial insufficiency is premised on the holding in the second case cited, People v Suarez (133 Misc 2d 762). There the court held that, if a charge of endangering the welfare of a child is to be sustained, the defendant’s conduct "must be focused directly upon the child or his welfare” (People v Suarez, supra, at 764).
It follows, he submits, that because the complaint does not allege either that defendant operated the vehicle while intoxicated for the purpose of endangering the welfare of the children or that he was driving the vehicle in an erratic manner, it fails to demonstrate sufficient "nexus” between defendant’s conduct in operating the vehicle and the harm to the children’s welfare required by Penal Law § 260.10 (1). For that reason, he contends, count three of the complaint is the product of "bootstrapping” and must be dismissed as lacking a factual basis.
Penal Law § 260.10 (1) provides in pertinent part:
"A person is guilty of endangering the welfare of a child when
"1. [h]e knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old or directs or authorizes such child to engage in an occupation involving a substantial risk of danger to his life or health”.
Prosecutions pursuant to this statute, and to its predecessor Penal Law § 483, have typically involved alleged moral or sexual misconduct by the defendant such as the perpetration or attempted perpetration of sexual offenses upon the child or the providing to the child of alcohol or other intoxicants. (See, People v Bergerson, 17 NY2d 398, supra; People v Luchsinger, 46 AD2d 728; People v Pawley, 71 AD2d 307; People v Garbarino, 152 AD2d 254; People v Ammirati, 42 Misc 2d 797.)
In such cases, the harm to the child is clearly direct, even immediate. However, when construing the statute, the courts have been clear that it is intended to be broad in scope and its *439 reach extends not only to sexual and moral offenses "but to other dangers as well.” (People v Bergerson, supra, at 401; People v Singleton, 140 Misc 2d 960.)
For example, in People v McCaskill (117 AD2d 757, lv denied 67 NY2d 947), defendant’s conviction pursuant to Penal Law § 260.10 (2) was upheld where defendant had pointed a gun at two children and threatened them. Similarly, in People v Alexander (149 Misc 2d 361), the allegation that defendant had pointed a gun at and threatened the complaining witness while her 11-year-old daughter was standing next to her was sufficient to establish, prima facie, a charge of endangering the welfare of a child. These cases illustrate the principle that a cognizable wrong under the statute does not require that the potential of harm to which the child is subjected be actually realized (see also, People v Bergerson, supra).
Nor, as shown by People v Alexander (supra), and contrary to defendant’s contentions, need the potential injury be the product of conduct focused directly upon the child.
Indeed, reference to the language of Penal Law § 260.10 (1) reveals that the potential impact of the injury anticipated by the statute need not be direct, rather it must be "likely.” That is, "[a] defendant must act in a manner, no matter who the action is directed at, which is likely to result in harm to a minor and he must do so knowing of the potential that such harm will come to the minor.” (People v Grillo, NYLJ, Feb. 22, 1990, at 27, cols 2, 3 [Sup Ct, Kings County]; see also, People v Doe, 137 Misc 2d 582; People v Lamberty, Crim Ct, NY County 1990, Benitez, J.)
For this reason, the conduct of the defendant in People v Alexander (supra) was found within the ambit of the statute even where focused directly upon the mother and not the child.
To be distinguished are cases in which the potential for injury to a child is speculative as compared to likely. In People v Grillo (supra, at col 3) the defendant was charged with endangering the welfare of a child for having allegedly purchased and possessed crack-cocaine while driving a school van with a four-year-old child inside it. As the court noted in granting defendant a trial order of dismissal, there was "no evidence presented to indicate that cocaine was consumed or that the vehicle was operated in an improper or dangerous manner.” The court accordingly found the proof inadequate on the issue of likelihood of harm to the child.
*440 Similarly, in People v Dailey (67 Misc 2d 107), in construing subdivision (2) of Penal Law § 260.10, the court found the evidence underlying the information insufficient where the proof of endangerment rested upon "speculation” (supra, at 109; see, People v Luchsinger, supra).
In the instant case, unlike in People v Grillo (supra), the facts allege that an intoxicant was consumed by the defendant; consumed indeed to such an extent that it rendered him unsteady on his feet. Here, as in People v Alexander (supra, at 363), "[i]t takes little imagination” to recognize the likelihood of harm to the children implicit in defendant’s conduct where, with unsteady feet, he was working the accelerator and brake system as he drove at 9:30 at night across a bridge, his eyes blurry and his voice slurred by the amount of alcohol he had ingested.*
Clearly, the facts alleged in the misdemeanor complaint together with those in the supporting deposition establish prima facie each of the elements of Penal Law § 260.10 (1) including the likelihood of injury to the child passengers.
For the foregoing reasons, defendant’s motion to dismiss count three for facial insufficiency is denied.
That branch of defendant’s motion which seeks dismissal in the interest of justice pursuant to CPL 170.40 is conclusory and lacking in factual support.
Accordingly, defendant’s motion to dismiss count three of the information is, in all respects, denied.

 The court notes that statistics released in a report to the Legislature by the Legislative Commission on Critical Transportation Choices, dated December 1990, indicate that "[b]etween 1982 and 1989, an estimated 188,660 people were killed as a result of alcohol related traffic accidents, an average of one such fatality every twenty-three minutes.”
Moreover, figures released in October 1991, by the New York State Department of Motor Vehicles reveal that in 1990, there were 12,184 alcohol related motor vehicle accidents in the State of New York, resulting in 705 fatalities.