*91 OPINION OF THE COURT
William Garnett, J.
Can factual information contained in a bill of particulars which impeaches the factual allegations contained in an accusatory instrument be considered by a court on a motion to dismiss made pursuant to CPL 170.35 (1) (a)?
The information charges the defendant with menacing, reckless endangerment in the second degree and endangering the welfare of a child. The defense has moved to dismiss each charge for facial insufficiency. On its face, the information alleges that the defendant, an pif-duty police officer, did hold and then fire a revolver "in the direction of the informant’s moving vehicle”. Further, the information avers that the informant’s three-year-old child was in the car when the defendant fired in the direction of the automobile.
Prior to the motion to dismiss for facial insufficiency, the defense had moved for discovery and a bill of particulars. In an answer to the demand for particulars, the People conceded that, when the defendant fired the handgun, the gun was pointed down. Thus, apparently, the People no longer contend that the gun was leveled in the direction of the complainant’s car when it was discharged. Moreover, the bill of particulars stated that the complainant’s child was in the front passenger seat at the time of the incident. Therefore, this statement adds a fact which was not contained in the information.
It is firmly established that facts contained in a bill of particulars may not be employed to supplement the facts in a facially insufficient information. (People v Alejandro, 70 NY2d 133, 138 [1987].) On the other hand, may the defense utilize facts included in a bill of particulars to impugn the sufficiency of an information?
CPL 100.40 (1) (c) focuses an analysis of the factual adequacy of an information on the information itself and any supporting depositions which may accompany the information. Both the information and any supporting depositions must be subscribed and verified. (See, CPL 100.15 [1]; 100.20.) Thus, by statute, the sufficiency of the factual part of an information must be judged by the verified facts contained in the information or any deposition filed in support of the information. (People v Alejandro, supra.)
In contrast to an information or a supporting deposition, a bill of particulars is not a verified document. (CPL 200.95 [1].) The criminal law, unlike the civil law, has no provision for a *92 verified bill of particulars. (See, e.g., CPLR 3044.) Thus, a bill of particulars is merely a written statement by the prosecutor containing factual information which is not contained in the accusatory instrument including the substance of the defendant’s conduct which the People intend to prove at trial on their direct case. In light of the stringent pleading requirements for informations, a bill of particulars will not likely include much factual information which has not already been verified in the information itself or a supporting deposition. A bill of particulars is a more significant discovery device when the accusatory instrument is an indictment or prosecutor’s information which is governed by less rigorous pleading standards. (See, CPL 200.50 [7] [a]; 100.35.) In any case, the factual information provided by the prosecution is not a verified statement by a complainant or any witness. Thus, the factual material in a bill of particulars is different in kind from the verified facts contained in an information or an accompanying supporting deposition.
Moreover, even if the facts included in a bill of particulars are imputed to a witness who previously verified inconsistent facts in an information or a deposition, the prosecutor’s statement is not binding on a witness. Unlike the relationship between a defendant and his attorney, a prosecutor is not an agent for his or her witnesses. Thus, facts included in a bill of particulars are not statements of a witness and are not of such legal magnitude as to undermine the verified factual averments contained in an information or a deposition.
Therefore, in conclusion, in view of the statutory requirements that the court confine its factual analysis of the adequacy of an information to the information itself and any depositions filed in support of that accusatory instrument and the relative statuses of the facts contained in an information and the statements of the prosecutor in a bill of particulars in the pleading hierarchy, this court concludes that a court should not consider, even contradictory, factual material contained in a bill of particulars in deciding whether an information is facially sufficient.*
In this case, the factual allegations in the information *93 support the charges of menacing and reckless endangerment in the second degree.
However, the court concludes that the facts pleaded in support of the charge of endangering the welfare of a child are facially insufficient. Section 260.10 (1) of the Penal Law requires that the prosecution establish that the defendant "knowingly [acted] in a manner likely to be injurious to the physical, mental or moral welfare of a child”. The only fact in the information which supports this charge is the allegation that the complainant’s three-year-old child was in the vehicle at the time of this incident. While a court may infer from the circumstances that a defendant acted "knowingly”, the accusatory instrument, in this case, is devoid of any facts from which the court could infer that the defendant acted "knowing” that her conduct would likely be injurious to a child. In People v Alexander (149 Misc 2d 361 [Crim Ct, Kings County 1990]), the court was able to infer that the defendant acted knowingly when the defendant pointed a gun at the complainant while the complainant’s 11-year-old child was standing nearby. Unlike Alexander, this court cannot draw the same inference where the information merely alleges that the three-year-old child was somewhere in the car. There are no facts which demonstrate that the defendant knew the child was in the car, e.g., that the child was visible. Thus, the court cannot infer, by legally sufficient circumstantial evidence, that the defendant acted "knowing” that her conduct was likely to be injurious to a child.
As was noted above, the People cannot employ the bill of particulars as a mechanism to cure defects in the information before the court. Thus, the court may not take cognizance of the facts included in the bill of particulars for the purpose of deciding these motions.
In conclusion, the defendant’s motion to dismiss the menacing and reckless endangerment charges are denied and the motion to dismiss the endangering charge is granted.

 This conclusion does not leave the defendant without any legal remedy. If the facts included in the bill of particulars are as maintained by the prosecutor, then the defendant may move to dismiss after the People’s case. (See, CPL 290.10.) The same standard of legal sufficiency would be applicable.