*745 OPINION OF THE COURT
Eileen A. Rakower, J.
Defendant is charged in a misdemeanor information with assault in the third degree (Penal Law § 120.00 [1]), harassment in the second degree (Penal Law § 240.26 [1]), and endangering the welfare of a child (Penal Law § 260.10 [1]). The alleged victims are the defendant’s wife and their four-year-old child. Defendant moves for the dismissal of the assault charge and the endangering the welfare charge pursuant to CPL 170.30, 170.35 (1) (a); 100.40 (1) (a) and 100.15 (3). Defendant argues that the facts stated in the complaint fail to establish all of the elements of the offenses charged. For the reasons stated below, the defendant’s motion is denied.
An information is facially sufficient when the factual portion of the instrument, together with any supporting depositions, (1) alleges nonhearsay facts that would give the court reasonable cause to believe that defendant committed the offense charged, and (2) establish, if true, every element of that offense. (See, CPL 100.40 [1]; People v Alejandro, 70 NY2d 133 [1987].) “‘Reasonable cause to believe that a person has committed an offense’ exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it.” (CPL 70.10 [2].) This burden is significantly less than the standard at trial of proof beyond a reasonable doubt. (CPL 70.20.)
Defendant contends that the factual allegations set forth in the complaint fail to establish every element of assault in the third degree. Penal Law § 120.00 (1) provides that:
“[a] person is guilty of assault in the third degree when * * *
“[w]ith intent to cause physical injury to another person, he causes such injury to such person or to a third person”.
Physical injury is defined as “impairment of physical condition” or “substantial pain.” (Penal Law § 10.00 [9].)
The facts in the complaint allege punches to the face, resulting in swelling, bruising and substantial pain. This court finds the complaint facially sufficient to support the charge of assault in the third degree. Termination of the assault charge at this juncture would deprive the People of the opportunity at trial to detail the nature and extent of the injury by introducing medical evidence or any other relevant proof that the victim *746 suffered “impairment of physical condition” or “substantial pain.” (See, People v Rivera, NYLJ, July 9, 1990, at 26, col 4; see also, People v Henderson, 92 NY2d 677.)
Defendant further alleges that the complaint fails to state facts sufficient to support the charge of endangering the welfare of a child. Penal Law § 260.10 (1) provides that
“[a] person is guilty of endangering the welfare of a child when:
“1. He knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old”.
The relevant portion of the complaint states that: “defendant knowingly acted in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old * * * Deponent is further informed by informant that informant’s four year old child * * * who is also the child of the defendant, was standing within three feet of the informant at the time of the [assault] and observed said [assault].”
In support of his argument defendant cites People v Suarez (133 Misc 2d 762 [Sup Ct, Bronx County 1986]). In Suarez defendant broke into Maria Baez’s home and injured her by hitting her in the arm with a bat while her three children were “somewhere” in the apartment. In dismissing the endangering counts the court opined that: “a charge of endangering the welfare of a child should only be brought in cases where there is a direct nexus between the adult’s conduct and the potential harm to the child’s welfare — that is, where the actor’s misconduct is focused directly upon the child or his welfare. The statute cannot be used to protect children from general harms resulting from behavior directed towards others, no matter how detrimental the ultimate effect on children of their witnessing violence, dishonesty, or other societal ills might be.” (Supra, at 764.)
In People v Grillo (NYLJ, Feb. 22, 1990, at 27, cols 2, 3 [Crim Ct, Kings County]), the court specifically rejected the narrow use to which the Suarez court limited Penal Law § 260.10 (1): “Upon careful examination of the language provided by the legislature, this Court finds that the statute itself seems ‘reasonably implicit,’ even if it is not excplicit [sic] as to every circumstance it is intended to proscribe. A defendant must act in a manner, no matter who the action is directed at (emphasis added), which is likely to result in harm to a minor and he must do so knowing of the potential that such harm will come *747 to that minor.” The Grillo court cautioned, that while it is proper for the courts to guard against an overly broad application of Penal Law § 260.10 (1), the solution is not to impose an unnecessarily restrictive interpretation. (See, People v Grillo, NYLJ, Feb. 22, 1990, at 27, col 3.)
In the present case, it is alleged that defendant repeatedly punched his wife in the face while their four-year-old child stood less than three feet away. The court finds that these facts tend to show that defendant’s conduct was likely to have an injurious effect on the child’s mental or moral welfare. It is of no consequence that defendant’s conduct was directed at his wife and not his child.
There is overwhelming authority that a child, living in a home where there is abuse between the adults, becomes a secondary victim, and is likely to suffer increased physical and psychological illness. Additionally, they learn the dangerous and morally depraved lesson that the abusive behavior of the parent is not only acceptable but deserving of reward. (Frazee, Noel and Brenneke, Violence Against Women, Law and Litigation § 1:40, at 1-43 — 1-44 [Clark Boardman Callaghan, 1997]; see generally, Fields, The Impact of Spouse Abuse on Children and Its Relevance in Custody and Visitation Decisions in New York State, 3 Cornell J L & Pub Pol’y 221 [1994].)
“Living with domestic violence is traumatic for children even if they are only witnesses to the abuse. They are aware of what is going on even when they are toddlers and suffer slowed development, sleep disturbances, helplessness, fear, depression, and anxiety. They also experience somatic symptoms; have more hospitalizations, colds, sore throats, and bedwetting than children from non-violent homes. Parental battering can also be physically dangerous to children.” (Violence Against Women, Law and Litigation, op. cit., at 1-44 [emphasis added].)
Our society is more aware today — than in 1986 when the Suarez court decided a similar motion — of the sensitive nature of family abuse. We are aware of the patterns such behavior perpetuates; spouse abuse, like child abuse, moves on from one generation to the next as the child is desensitized to the violence around him. Children observe violence against a parent they love and are deeply affected morally, mentally, and physically.
In the instant case, whether the defendant was subjectively aware of the consequences of his actions is a question of fact for the trier of the facts to determine at trial.
*748 For purposes of defendant’s motion, the facts alleging that “informant’s four year old child * * * who is also the child of the defendant, was standing within three feet of the informant at the time of the [assault] and observed said [assault]” are sufficient to sustain that element of endangering the welfare of a child requiring that the defendant knowingly acted in a manner likely to be injurious to the physical, mental or moral welfare of a child less than 17 years old.
This court finds the facts alleged in the accusatory instrument to be facially sufficient with respect to all of the offenses charged. Therefore, the motion to dismiss is denied in its entirety.*

 After this court rendered its decision in the present case, the Appellate Term, First Department, decided a case on point, People v Thermidor (NYLJ, Feb. 25, 1999, at 29, col 1). In vacating the defendant’s conviction for endangering the welfare of a child and dismissing that count of the accusatory instrument as facially insufficient, the court held: “The mere allegation that the assaultive conduct targeted against the adult complainant ‘took place in front of’ the complainant’s two year old son, even if true, would not without more be sufficient to establish defendant’s guilt of the endangerment charge (see, People v. Carr, 208 AD2d 855, lv denied 88 NY2d 1067; People v. Suarez, 133 Misc 2d 762[)].” (People v Thermidor, NYLJ, Feb. 25, 1999, at 29, col 2 [emphasis added].)
The Appellate Term found the Thermidor complaint insufficient, targeting the language “took place in front of’ and citing the Suarez case (supra) for support. The Suarez complaint was deemed insufficient in that the acts took place while the children were “somewhere” in the apartment.
The Appellate Term, in Thermidor (supra), does not specifically reject the notion that the child who bears witness to an assault between adult members of his/her family may suffer injurious effects to that child’s physical, mental or moral welfare. Such a broad holding would be antithetical to all that is now known about the effects of domestic violence on children. The knowledge that children are secondary victims of spousal abuse is becoming widely accepted in the medical, psychiatric, and legal communities. (See, The Impact of Spouse Abuse on Children, op. cit.)
Many theories regarding the effects of domestic violence, such as the “battered wife syndrome” (BWS) and the “learned helplessness theory,” which were once deemed highly speculative, are now given credence. Courts regularly permit expert testimony regarding BWS and other theories regarding domestic violence to aid the trier of facts. (See, People v Ellis, 170 Misc 2d 945 [Sup Ct, NY County 1996].)
Evidence of the effects of spousal violence on children has now reached such a critical mass that it is incumbent upon the courts not to foreclose the People from presenting evidence or expert testimony which may be relevant or which may aid the finder of the facts at trial.