People v Felix (2026 NY Slip Op 00660)

People v Felix

2026 NY Slip Op 00660

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, NOWAK, AND DELCONTE, JJ.

24 KA 24-00658

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vTYLOR J. FELIX, DEFENDANT-APPELLANT. 

ANDREW D. CORREIA, PUBLIC DEFENDER, LYONS, BANASIAK LAW OFFICE, PLLC, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CHRISTINE K. CALLANAN, DISTRICT ATTORNEY, LYONS (CATHERINE A. MENIKOTZ OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wayne County Court (Arthur B. Williams, J.), rendered April 2, 2024. The judgment convicted defendant, upon a jury verdict, of criminal mischief in the second degree and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the facts by reversing that part convicting defendant of endangering the welfare of a child under count 2 of the indictment and dismissing that count, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal mischief in the second degree (Penal Law § 145.10) and endangering the welfare of a child (§ 260.10 [1]). The conviction arises from an incident during which defendant ran his pickup truck into the back of a pickup truck operated by the complainant. The complainant's six-year-old son was riding as a passenger in the back seat of his truck.
Contrary to defendant's contention, County Court did not err in denying that part of his omnibus motion seeking to dismiss the indictment on statutory speedy trial grounds. "CPL 30.30 requires dismissal of a felony indictment where the People are not ready for trial within six months of the commencement of the criminal action" (People v England, 84 NY2d 1, 4 [1994], rearg denied 84 NY2d 846 [1994]; see CPL 30.30 [1] [a]). On a motion to dismiss an indictment on statutory speedy trial grounds (see CPL 30.30 [1]; 210.20 [1] [g]), "a defendant bears the initial burden of alleging that the People were not ready for trial within the statutorily prescribed time period" (People v Allard, 28 NY3d 41, 45 [2016]). The defendant meets that burden " 'by alleging only that the prosecution failed to declare readiness within the statutorily prescribed time period' " (People v Goode, 87 NY2d 1045, 1047 [1996]; see People v Santos, 68 NY2d 859, 861 [1986]). Here, although defendant alleged in support of the motion that the People's failure to disclose certain material discoverable under CPL 245.20 rendered their certificate of compliance illusory and, thus, the People should be deemed not ready for trial, defendant failed to allege "the commencement date of the criminal action, that the statutorily prescribed time period was six months, or that an unexcused delay of more than six months had elapsed since the commencement of the action" (People v Cotto, 240 AD3d 1311, 1312 [4th Dept 2025], lv denied 44 NY3d 1027 [2025]; cf. People v Agee, 235 AD3d 1247, 1248 [4th Dept 2025]). Defendant thus " 'failed to satisfy his initial burden under CPL 30.30 of alleging that the prosecution [did not] declare readiness within the statutorily prescribed time period' " (Cotto, 240 AD3d at 1312-1313).
Defendant's contention that the evidence is legally insufficient to support his conviction of endangering the welfare of a child is not preserved for our review inasmuch as defendant's motion for a trial order of dismissal was not "specifically directed at th[e] ground[ ]" now raised on appeal, i.e., that there is no evidence that defendant was aware that the child was in the [*2]complainant's vehicle (People v Moore, 232 AD3d 1299, 1300 [4th Dept 2024], lv denied 43 NY3d 945 [2025]; see People v Gray, 86 NY2d 10, 19 [1995]). Nevertheless, "we necessarily review the evidence adduced as to each of the elements of th[at] crime[ ] in the context of our review of defendant's challenge regarding the weight of the evidence" (Moore, 232 AD3d at 1300 [internal quotation marks omitted]).
A review of the weight of the evidence requires us to first determine whether an acquittal would not have been unreasonable (see People v Danielson, 9 NY3d 342, 348 [2007]). Where an acquittal would not have been unreasonable, we "must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (id.). Here, we conclude that an acquittal would not have been unreasonable with respect to the endangering the welfare of the child count. Furthermore, viewing the evidence in light of the elements of that crime as charged to the jury (see id. at 349), we conclude that the jury was not justified in finding defendant guilty beyond a reasonable doubt of endangering the welfare of a child, and we therefore modify the judgment accordingly. There was no evidence presented at the trial from which the jury could reasonably infer that defendant was aware that the child was in the complainant's vehicle (cf. People v Turner, 172 AD3d 1768, 1771 [3d Dept 2019], lv denied 34 NY3d 939 [2019]; see generally People v Pelt, 157 Misc 2d 90, 93 [Crim Ct, Kings County 1993]).
Contrary to defendant's contention, the sentence is not unduly harsh or severe. Finally, we have reviewed defendant's remaining contention and conclude that it does not warrant further modification or reversal of the judgment.
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court