OPINION OF THE COURT
Lee Towne Adams, J.
In the Village Court of Westfield defendant pleaded guilty to unlawfully dealing with a child after her motion to dismiss the information had been denied. She has appealed.
There is no recorded history of a prior prosecution under the section (Penal Law § 260.20 [4]) of a person 18 years of age accused of supplying beer to a person 18 years of age. The facts of this case, as set forth in the information and supporting depositions, are extraordinary. Defendant, 18 years old, purchased a six pack of beer at the Lake Country Store in Westfield. She placed the six pack in the car in which she had gone to the store. There were several others in the car. One of them, a boy under the age of 16, gave a beer to a Christine Caruso. Ms. Caruso was 18 at the time, but older than defendant.
The statute under which defendant was prosecuted was derived from former Penal Law § 483. “The intent [of that section] is to protect the physical health, morals, and well-being of children” (People v Bergerson, 17 NY2d 398, 401, 403). The present statute is somewhat different in form, but the subdivision dealing with giving, selling, or causing to be sold alcoholic beverages to a child is a part of a section which also deals with tattooing a child, and allowing a child under 18 to frequent a place where illicit sexual activity or illegal narcotic activity is maintained. Since noscitur a sociis is an ancient rule of construction, it is obvious that new Penal Law § 260.20 has the same *755 purpose as the old section 483, namely, to protect children, who because of their age, are unable to protect themselves. As Bracton says, infans non multum a furioso distat.
When one goes to the index to McKinney’s Consolidated Laws of NY to look up child or children, he is directed to “see infants”. The same happens to one using the Words and Phrases volume of New York Jurisprudence. A child is an infant. Civil Rights Law § 1-a says that an infant is a person who has not attained the age of 18 years. So also does Domestic Relations Law § 2. A child under the age of 19 would, perforce, be also under the age of 18.
Moreover, were the information here, and the conviction under it, to be sustained, it would require the court to construe the statute in a nonsensical manner. The purpose of the statute was not to protect 18 year olds from younger 18 year olds. It was clearly directed against those of legal age who would place those of tender years in situations which they were unable to handle because of their lack of life experience.
Accordingly, the information herein failed to charge a crime. The conviction is reversed and the information is dismissed.