OPINION OF THE COURT
Frank M. Klinger, J.
Defendant stands charged with a violation of Penal Law § 260.20 "Unlawfully dealing with a child”. It is alleged that the defendant, age 20 (date of birth Dec. 10, 1965), did on the *531 26th day of April 1986 give a cup of draft beer to another 20 year old.
Section 260.20 (4) states that "a person is guilty of unlawfully dealing with a child when: * * * 4. He gives or sells or causes to be given or sold any alcoholic beverage * * * to a person less than twenty-one years old”.
The question presented is whether a person under the age of 21 may lawfully be found guilty of selling or giving an alcoholic beverage to another person under the age of 21. This is a question upon which People v Jackson (127 Misc 2d 754 [County Ct, Chautauqua County 1985]) is the only relevant case law in New York State of which I am aware.
Defense counsel in the case at bar contends that the Jackson case means that a person under the age of 21 may not legally be prosecuted for this particular misdemeanor. That is certainly a reasonable interpretation of the language in Jackson.
In the Jackson case, an 18 year old allegedly purchased a six pack of beer and placed the six pack in a car in which there were several other youngsters. One of them, a boy under the age of 16, allegedly gave a beer to another 18 year old.
The defendant’s conviction in the Jackson case was overturned by the County Court holding that "the information herein failed to charge a crime”.
We note that at the time of the alleged offense in the Jackson case, the lawful drinking age was 19 in that it was unlawful to give or sell an alcoholic beverage to a person less than the age of 19 years.
Defendant argues that it would be unjust to convict one person under the age of 21 of a misdemeanor for simply giving a cup of draft beer to another person under the age of 21. It sounds logical on first rendition to state as does defendant that since the section is designed to protect persons under the age of 21, therefore the section should not be construed so as to punish persons under the age of 21. Accordingly then a person under the age of 21 cannot legally commit this offense. Upon analysis, however, I find that this proposition is not as logical as it seems — nor is it the law of this State.
Certainly the statutory set-up of the Penal Law as it is written by our Legislature does not exempt persons under the age of 21 from liability for a violation of section 260.20. The only general reference to age in the Penal Law is section 30.00, "infancy”, which states that except for certain enumer *532 ated felonies, a person less than 16 years old is not criminally responsible for their conduct. It has been commonly taken for granted that, unless otherwise stated, anyone over the age of 16 is capable of committing any offense defined in the Penal Law. This court is not aware of any other case law in the State of New York which might exempt any persons or classes of persons over the age of 16 from liability under any particular section of the law.
Of course some offenses in their text do provide for certain age criteria. For example rape in the third degree section 130.25 (2) can only be committed by a male 21 years of age or more who engages in sexual intercourse with a female less than 17. Section 130.30 rape in the second degree can be committed only by a male 18 years of age or older who engages in sexual intercourse with a female less than 14. Other age delineations are provided for various offenses.
However, the fact that such age limitations are specifically set forth for these sections but no age limitation is set forth for section 260.20 implies to me a definite purpose on the part of the New York State Legislature to proscribe the commission of a violation of section 260.20 (4) by any person over the age of 16.
If this is the legislative intent, and it is certainly the specific language of the statute, the question then becomes whether this section is constitutional.
If a 16, 18 or 20 year old can legally be found guilty of any of the far more serious offenses, such as felonies, found in the Penal Law, and also any of the less serious offenses than this misdemeanor, it would not seem to me to offend due process for a statute to allow conviction of a 20 year old or even a 16 year old of this particular section.
For example, a person is guilty of sexual misconduct when being a male he engages in sexual intercourse with a female less than the age of 17. (Penal Law §§ 130.20, 130.05.) Therefore, presumably a 16-year-old male could be found guilty of having sexual intercourse with a 16-year-old female — although such a prosecution might be subject to an attack similar to the one made in the case at bar.
Is there a legitimate public purpose to be served in allowing the conviction of an offender under the age of 21 for violation of a statute designed to protect persons under the age of 21? I believe that certainly there is. If it is a valid societal purpose to protect persons under the age of 21 from drinking alcoholic *533 beverages and from persons who would sell or give them alcoholic beverages, then that purpose remains valid even though all the persons involved may themselves be under the age of 21.
Defendant’s argument that it is pointless, if not downright unconstitutional, to punish minors under a statute designed to protect them also fails. Statutes prohibiting "possession” of illegal substances, such as drugs, are of course constitutionally valid and enforceable against all defendants over the age of 16, including of course those under the age of 21, even though the defendants are the very same people (the "victims”) that the legislation is designed to protect! Thus, society can legally and constitutionally "protect” minors against themselves by penal legislation. But section 260.20 (4) doesn’t even go that far.
Assuming while not conceding defendant’s belief that all those under the age of 21 are "minors”, section 260.20 (4) does not punish a minor under the guise of protecting him or her, as would be the case if drinking the beer were itself the crime. Rather, whether rightly or wrongly in a moral sense is a matter for our Legislature to determine, the section protects or attempts to protect minors from the consumption of alcoholic beverages by prohibiting and punishing the selling or giving such alcoholic beverage to them by other persons who may in fact themselves be minors. If our legislation can punish minors (i.e., drug possession laws) to protect themselves, it can certainly punish some minors to protect other minors.
For example, consider this hypothetical scenario: A 20 year old who looks like he is 25 is able to purchase or else perhaps obtain from his parents, several kegs of beer (if the beer were given to him by his parents, it does not appear as though anyone would be guilty of a violation of section 260.20 [4] which "does not apply to the parent or guardian of such a person”). Now this hypothetical 20 year old decides to hold a "beer blast” and sell or give this beer to many persons of all ages including those under the age of 21 — or even under the age of 16! If defendant’s interpretation of People v Jackson (127 Misc 2d 754, supra) be correct, then this 20 year old may now do so with impunity!
While the dismissal of the charge against the defendant in Jackson certainly seems justified, I would not, however, read the Jackson case in such a manner as to automatically man *534 date a dismissal of any charge of a violation of section 260.20 (4) against any individual who had not as of the date of the alleged offense attained his 21st birthday.
A defendant is of course not without his remedies. To state that a person under the age of 21 can be convicted of a violation of section 260.20 is of course not to state that any given defendant should be or will be convicted of that section, even if he has in fact committed the act alleged.
The equities of a given case can be addressed by means of other pretrial motions such as an adjournment in contemplation of dismissal (CPL 170.55), a dismissal in the interest of justice (CPL 170.40) and as elsewhere provided in the Criminal Procedure Law.
The defendant’s motion is therefore denied and the case is set down for Tuesday, July 8, 1986 at 9:00 a.m. for further disposition.