OPINION OF THE COURT
Larry R. C. Stephen, J.
The defendants move to dismiss three counts of a four-count *794 Criminal Court information charging them "with three counts of endangering the welfare of a child (Penal Law § 260.10 [1]) and one count of criminal possession of marihuana in the fifth degree (Penal Law § 221.10 [2]), on the ground of facial insufficiency pursuant to CPL 170.30, 170.35 and 100.40. The case arose from the execution of a search warrant on September 11, 1998, at 1030 Boynton Avenue, apartment 3K, Bronx County. Upon entering the apartment, the police recovered one large bag containing several smaller bags of a substance later determined to be marihuana from a bedroom in the apartment. The police also recovered 11 small bags of marihuana from the kitchen. The complaint does not indicate precisely where in the two rooms the marihuana was found. The police also observed the presence of three minor children in the apartment, ages 10, 9, and 5. According to the complaint, each defendant admitted that they lived in the apartment.
The theory of the prosecution with respect to the endangering counts appears to be that the presence of the marihuana in the apartment where children are present constitutes the crime of endangering the welfare of a child pursuant to Penal Law § 260.10 (1), because of the potential for “physical harm” to the children. On the other hand, the defendants contend that this theory of prosecution is flawed in that the mere presence of marihuana somewhere in an apartment where children are present is insufficient, without additional aggravating facts, to sustain the endangering charges. Therefore, the defendants contend that those charges should be dismissed on the ground of facial insufficiency. For the reasons contained herein, this court agrees with the defendants’ position.
The factual part of a misdemeanor complaint must allege “facts of an evidentiary character” (CPL 100.15 [3]) demonstrating “reasonable cause” to believe the defendant committed the crime charged (CPL 100.40 [4] [b]).
In the instant case, the misdemeanor complaint reads, in pertinent part, as follows:
“Deponent states that, at the above time and place, pursuant to a search warrant (98/806) issued by Judge Tallmer of the Bronx Criminal Court on September 4, 1998, he observed the defendants acting in concert in that both defendants were observed inside the bedroom at said location and that in said bedroom deponent observed (1) large bag containing several smaller bags each containing a dried green leafy substance and further that deponent also observed in the kitchen of said loca *795 tion (11) bags containing a dried green leafy substance and further both defendant’s [sic] stated in substance to deponent we
LIVE HERE.
“Deponent further states that at the above time and place, he observed three children present in said apartment (Yasnery Vara 6/24/88, Lucelania Grajales 6/21/89, Jessica Grajales 5/9/ 93).”
A laboratory analysis subsequently revealed the “dried green leafy substance” to be marihuana.
Penal Law § 260.10 (1) provides, in pertinent part, that:
“A person is guilty of endangering the welfare of a child when:
“1. He knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old”.
The People argue in their moving papers that the endangering counts are facially sufficient because the marihuana found in the apartment was “out and accessible to the children” and therefore posed a danger to the “physical welfare” of the three children present in the apartment when the warrant was executed. However, neither the misdemeanor complaint nor the People’s moving papers indicate any additional facts to support the conclusion that the children were in any way harmed by the presence of the marihuana in the apartment. For example, there are no facts in the complaint indicating where in the kitchen or bedroom the marihuana was found. Rather, the court is left with the People’s conclusory statement in the People’s moving papers that the marihuana was “out and accessible”. There are equally no facts in the complaint or any evidence that the defendants used the marihuana in the presence of the children. There are also no facts in the complaint or evidence that the children had ever smoked or ingested any of the marihuana, or that they had an opportunity to do so. In addition, there are no facts in the complaint indicating that the children had knowledge of the presence of the marihuana in the apartment. The question remaining is whether the mere presence of marihuana alone is enough to sustain the endangering counts in the misdemeanor complaint. As stated above, this court finds that mere presence is not enough.
While the People need not show actual harm to the children to sustain an endangering charge, there must be some facts in the complaint to show a nexus between the presence of the marihuana in the apartment and potential or likely harm to *796 the children. (See, People v Simmons, 92 NY2d 829, 830 [1998].) Cases which have upheld convictions under this statute generally fall within two categories: those in which the defendant’s actions result in actual harm to the child and those where the defendant’s actions are of such a nature and degree that the potential harm to the child is likely to flow therefrom. In other words, the potential harm to the child cannot be merely remote or speculative in nature to sustain an endangering charge. (See, People v Ammirati, 42 Misc 2d 797 [App Term, 2d Dept 1964] [providing drugs to minor children]; People v Bergerson, 17 NY2d 398 [1966] [providing alcohol to underage boys]; People v Egan, 103 AD2d 940 [3d Dept 1984] [having sexual relations with minor child]; People v Pawley, 71 AD2d 307 [4th Dept 1979] [providing alcohol to and then having sex with minor child]; People v Cruz, 152 Misc 2d 436 [Crim Ct, NY County 1991] [operating a motor vehicle while under the influence of alcohol where minor children were present in the vehicle].)
In certain cases, courts have found the connection between the defendant’s knowing conduct and potential harm to the child to be too tenuous in nature to sustain an endangering charge. (See, People v Grillo, NYLJ, Feb. 22, 1990, at 27, col 2 [Crim Ct, Kings County]; People v Weyrick, 55 Misc 2d 1063 [Ithaca City Ct 1968].) In Grillo, the defendant was observed buying cocaine and returning to a van where a four-year-old child was present and crying. Because there was no evidence presented to show why the child was crying or that the child knew or understood the events in question, the court ruled that the connection between the presence of the cocaine on the person of the defendant and likely harm to the child in the van was too speculative in nature to support an endangering charge. The court also noted that there was no evidence that the drugs had been consumed by the defendant or the child. The court further noted that there was no evidence that the van had been operated in an improper or illegal manner. As in the instant case, the only evidence presented in Grillo with respect to the endangering charge was that the defendant possessed drugs in a location where a child was present. The court in Grillo dismissed the endangering charge on a motion for a trial order of dismissal.
In Weyrick (supra), the court dismissed a criminal court information wherein the defendant was charged with endangering the welfare of two minor children because the factual portion of the complaint merely alleged that defendant was *797 present at a beer party where beer was consumed by the minor children. The court noted that there were no facts showing that the defendant provided the alcohol to the children or encouraged its consumption. Accordingly, the court dismissed the information as jurisdictionally defective.
The instant case is similar to Grillo and Weyrick (supra) in that the nexus between the presence of the marihuana in the apartment and potential harm to the children is at best speculative in nature. Without additional facts to show a more direct nexus between the marihuana and likely harm to the children, the court is compelled to dismiss the three endangering counts. If the court were to adopt the People’s theory of prosecution, a parent or other guardian would be subject to prosecution merely for the presence of alcoholic beverages in a home where children are present. Clearly, alcohol consumed by a child is also potentially harmful to the physical welfare of the child. It is obvious in the hypothetical concerning alcohol, as well as in the case at bar, that additional aggravating facts are needed to sustain an endangering charge.
Accordingly, without additional facts, the court must grant the defendants’ motion to dismiss the endangering counts on the ground of facial sufficiency.