*755 OPINION OF THE COURT
Peter Lane, J.
Defendant moves herein pursuant to CPL 100.15, 100.40, 170.35 and 170.40 to dismiss the accusatory instrument as defective and, also, to dismiss the same in the interest of justice.
Defendant is charged with unlawfully dealing with a child in the first degree pursuant to Penal Law § 260.20. The facts surrounding the alleged incident are essentially not disputed. Defendant, a 16-year-old male, was telephoned by a 15-year-old female Mend and asked by her to supply her with alcohol. He complied by bringing vodka in a water bottle to her. She imbibed too zealously and became ill, while the two of them were out walking. The defendant had the presence of mind to remain with her and to telephone his parents. The three then took her to a local hospital where, fortunately, she was treated successfully.
The court will, in the first instance, deal with that portion of the motion arguing that this matter should be dismissed in the interest of justice. In order to grant this part of the motion, the court must find in its discretion “the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant * * * would constitute or result in injustice.” (CPL 170.40 [1].) “In determining whether [the same] exists, the court must, to the extent applicable, examine and consider, individually, and collectively [the 10 criteria set forth in (a) through (j) of that subdivision].” (CPL 170.40 [1].)
Although, the court has discretion in this regard, such discretion is “neither absolute nor uncontrolled” and must be “sparingly exercised.” (People v Kelley, 141 AD2d 764, 765 [2d Dept 1988].) Clearly defendant’s history, character and condition and, at least by implication as set forth in her supporting deposition, “the attitude of the * * * victim” militate in his favor. (CPL 170.40 [1] [d], [i].) However, counsel’s arguments notwithstanding, several other important factors weigh heavily against such a disposition. They are “the impact of a dismissal upon the safety or welfare of the community” and “the confidence of the public in the criminal justice system.” (CPL 170.40 [1] [g], [h].) Drinking by youths and the too often concomitant supplying of alcohol to the young is a very serious problem, both locally and nationally. What is deemed by some to be a mere “rite of passage” too often leads to tragedy. Simply *756 put, then, the dismissal of this matter in the interest of justice would send exactly the wrong message, make this community less safe and undermine the public’s confidence in our system. Therefore, this portion of defendant’s motion is denied.
The remaining portion of defendant’s motion is two pronged. The court will deal with it, then, one such prong at a time, starting with the second of the two. Defendant’s argument, made pursuant to CPL 100.15 (3) and 100.40 (1) that the accusatory instrument is facially insufficient because it lacks a factual allegation that defendant gave the alcohol to the alleged victim, must fail. Any insufficiency in the misdemeanor complaint is cured by the supporting deposition, which, effectively states that she asked defendant for alcohol and he brought vodka (to her) in a water bottle. The two documents taken together “provide reasonable cause to believe that [Mr. Houis] committed the offense charged” herein (CPL 100.40 [1] [b]).
The second part of this portion of defendant’s motion raises an interesting, and intuitive, if not completely compelling, argument. Relying on a 1985 Chautauqua County case, People v Jackson, he argues that someone of defendant’s age is legally incapable of committing the crime with which he is charged since the section was designed to protect the under-aged and, hence, another underaged person should not be prosecuted thereunder. (People v Jackson, 127 Misc 2d 754 [Chautauqua County Ct 1985].) The People counter with the only other reported case in point, a 1986 Oswego City Court case, which holds that one over age 16 may be convicted of such a crime. (People v Kaufman, 132 Misc 2d 530 [Oswego City Ct 1986].) With all due respect to the esteemed County Court Judge in the former citation, this court must agree with the reasoning in People v Kaufman. The statute in question prohibits certain actions and, in framing it, our legislators did not see fit to write in any exclusions by virtue of age. It is clear, however, that exclusions were considered since the statute was written so that a parent or guardian cannot be convicted thereof. (Penal Law § 260.20 [2].) Further, with certain very specific exceptions, our criminal justice system provides for the prosecution of persons over the age of 16, but younger than 21, as adults. (See e.g. Penal Law § 30.00; CPL 720.10.) Finally, to hold otherwise would invite persons under a certain age to violate with impunity those sections otherwise written to protect others of tender age. Accordingly, for reasons set forth in this paragraph, the court agrees with the reason *757 ing set forth, and the decision reached, in People v Kaufman. This last portion of defendant’s motion, then, is also denied.
The motion is denied.