OPINION OF THE COURT
Elisa S. Koenderman, J.
*607 The defendant, Victor Alvarez, is charged with one count of endangering the welfare of a child (Penal Law § 260.10 [1]), and has filed a motion seeking dismissal for facial insufficiency. The court previously rendered an oral decision denying defendant’s motion; this opinion serves to set forth the basis for that ruling.
In order to be facially sufficient, an information must substantially conform to the formal requirements of CPL 100.15. Additionally, the factual portion and any accompanying depositions must provide reasonable cause to believe the defendant committed the offense charged, as well as nonhearsay factual allegations of an evidentiary character which, if true, establish every element of the offense charged and defendant’s commission thereof (CPL 100.15 [3]; 100.40 [1]; see People v Dumas, 68 NY2d 729 [1986]; see also People v Alejandro, 70 NY2d 133 [1987]).
The requirement of nonhearsay allegations has been described as a “much more demanding standard” than a showing of reasonable cause alone (People v Alejandro, 70 NY2d at 139, quoting 1968 Rep of Temp Commn on Rev of Penal Law and Grim Code, Introductory Comments, at xvii); however, it is nevertheless a much lower threshold than the burden of proof beyond a reasonable doubt (People v Henderson, 92 NY2d 677, 680 [1999]; People v Hyde, 302 AD2d 101 [1st Dept 2003]). Thus, “[t]he law does not require that the information contain the most precise words or phrases most clearly expressing the charge, only that the crime and the factual basis therefor be sufficiently alleged” (People v Sylla, 7 Misc 3d 8, 10 [App Term, 2d Dept 2005]). Finally, where the factual allegations contained in an information “give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]; see also People v Konieczny, 2 NY3d 569 [2004]; People v Jacoby, 304 NY 33, 38-40 [1952]; People v Knapp, 152 Misc 368, 370 [1934], affd 242 App Div 811 [1934]; People v Allen, 92 NY2d 378, 385 [1998]; People v Miles, 64 NY2d 731, 732-733 [1984]; People v Shea, 68 Misc 2d 271, 272 [1971]; People v Scott, 8 Misc 3d 428 [Crim Ct, NY County 2005]).
Defendant was arrested after allegedly being observed at approximately 6:30 in the morning inside an apartment where a search warrant was executed. The search resulted in a quantity of marihuana being recovered from within a refrigerator in the apartment, and 17 ziplock bags being recovered from *608 the person of a separately charged defendant. The deponent officer’s sworn statement additionally alleges that the officer “smelled a strong odor of marihuana throughout the apartment” and that two children, one appearing to be seven years old and the other appearing to be 10 years old, were present in the apartment at that time.
Defendant argues that the complaint is facially insufficient because the factual allegations fail to provide reasonable cause to believe that the defendant committed the crime charged. Specifically, defendant argues that the information fails to set forth factual allegations to establish that defendant was in possession, either actual or constructive, of the marihuana recovered from within the apartment.
Penal Law § 260.10 (1) provides that a person is guilty of endangering the welfare of a child when he knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child younger than 17 years old. Penal Law § 15.05 (2) states that “[a] person acts knowingly with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such nature or that such circumstance exists.” In other words, “a defendant must simply be aware that the conduct may likely result in harm to a child” (People v Johnson, 95 NY2d 368, 372 [2000]). The harm alleged must be likely to occur, not merely possible (People v Duenas, 98 NY2d 586 [2002]); however, the relevant conduct need not be directed at the child who is likely to be harmed (id., citing People v Johnson, 95 NY2d 368 [2000]).
Defendant’s argument is premised upon the implicit assumption that the present charge of endangering the welfare of a child is facially sufficient only if defendant possessed the marihuana recovered from the apartment. This is unpersuasive, inasmuch as the factual allegations include the deponent officer’s observation that a strong odor of marihuana pervaded the premises, from which observation the inference of defendant’s participation in smoking the marihuana in the presence of the children is reasonably drawn.
At least one lower court has held that the “mere presence” of marihuana in a premises where children are present, without additional allegations, is not facially sufficient proof of endangerment (see People v Grajales, 179 Misc 2d 793, 795 [Crim Ct, Bronx County 1999]). Similarly, it has been held that alleging that a defendant bought cocaine in close proximity to a four year old, without more, does not provide facially sufficient *609 proof of endangerment (see People v Grillo, NYLJ, Feb. 22, 1990, at 27, col 2 [Crim Ct, Kings County]), and that allegations that a defendant bought a quantity of heroin while holding her infant in her arms are likewise insufficient (see People v Hidad, 15 Misc 3d 1117[A], 2007 NY Slip Op 50734[U] [Crim Ct, NY County 2007]).
However, in this instance, the factual allegations go beyond the mere presence of marihuana in the vicinity of a child. Specifically, the deponent officer alleges that at the time that he encountered defendant and the separately charged others in the apartment where the marihuana was recovered, “deponent smelled a strong odor of marihuana throughout the apartment.” Taking this allegation in conjunction with the allegation that a total of 18 ziplock bags containing marihuana were recovered, it is reasonable to infer that the odor was of burning marihuana which had been recently consumed via smoking, most likely by at least one of the adults present; it is highly unlikely that marihuana contained in 17 ziplock bags would produce odor throughout an apartment. Furthermore, the odor of burning marihuana created reasonable cause to believe that a crime had been, or was being committed (see People v Schobert, 93 AD2d 949 [3d Dept 1983]). Both the Grillo and Grajales courts noted that the petitions which were dismissed as facially insufficient lacked any allegations showing that drugs had been consumed in the presence of the child who was present. By contrast, in the present case, the reasonable inference that marihuana was used — not merely possessed — in the presence of children, supports a facially sufficient charge.
While the term “moral,” as used in Penal Law § 260.10 (1), is not defined by the statute, and the case law is similarly silent, it is clear that
“[t]hough previous prosecutions under section 483 [subsequently replaced by Penal Law § 260.10] have dealt almost exclusively with sexual offenses or morals cases, it is evident from an examination of the statute that it is intended to be broader in scope. The intent is to protect the physical health, morals and well-being of children, and this solicitude relates not only to sexual offenses but to other dangers as well” (People v Bergerson, 17 NY2d 398, 401 [1966] [affirming conviction of defendant for endangering the welfare of a child by providing beer to nine teenage boys]).
*610 Other dangers which violate Penal Law § 260.10 (1) encompass a wide variety of activities. Possessing numerous firearms such that the weapons were fully accessible to children (see People v Hitchcock, 98 NY2d 586 [2002]), engaging in domestic violence in front of children against the children’s mother (see People v Johnson, 95 NY2d 368 [2000]), repeatedly directing vulgar remarks at a toddler (see People v, Simmons, 92 NY2d 829 [1998]), providing beer to children (see People v Simpkins, 284 AD2d 185 [1st Dept 2001]), bringing a three-year-old child along during a burglary attempt which included a high-speed automobile chase (see People v Jacobsen, 255 AD2d 951 [4th Dept 1998]), an adult kissing a teenager on the mouth (see People v Valentin, 17 Misc 3d 1132[A], 2007 NY Slip Op 52236[U] [Crim Ct, NY County 2007]), and driving while intoxicated with children in the car (see People v Cruz, 152 Misc 2d 436 [Crim Ct, NY County 1991]) all constitute child endangerment. While none of these decisions specify whether the likely harm to the children was physical, mental or moral, nor define what is meant by “moral,” when taken as a whole, they stand for the proposition that “the care of children is a sacred trust” (New York v Ferber, 458 US 747, 757 [1982] [citations omitted]) and that “Penal Law § 260.20 has the same purpose as the old section 483, namely, to protect children, who because of their age, are unable to protect themselves” (People v Jackson, 127 Misc 2d 754, 754-755 [Chautauqua County Ct 1985]).
Furthermore, while “[i]t is true that there is disagreement regarding the effects of marihuana” (People v Shepard, 50 NY2d 640, 645 [1980]), nevertheless, the possession and distribution of marihuana is still criminal, and its use, no less than possession of narcotic drugs (see Matter of Paul J., 6 AD3d 709 [2d Dept 2004]), while caring for children still constitutes neglect in a Family Court proceeding under article 10 of the Family Court Act (see Matter of Moniea C., 9 AD3d 888 [4th Dept 2004]; see also Matter of Shane I., 300 AD2d 709 [3d Dept 2002]). Furthermore, while the standard of proof required to sustain a petition alleging neglect in Family Court is much lower than the standard of proof in Criminal Court, evolving standards of social morality and changing styles of child-rearing cannot override the principle that engaging in criminal activity while children are present is likely to endanger their physical, mental or moral welfare. Although, as Judge Cardozo has remarked, “The law will not hold the crowd to the morality of saints and seers” (S. v *611 J., 81 Misc 2d 828, 831 [Sup Ct, Spec Term, Kings County 1975], quoting Selected Writings of Benjamin Nathan Cardozo, foreword, at x), expecting an ordinary citizen to refrain from the use of illegal drugs in the presence of impressionable and vulnerable minors does not set too high a standard.
Clearly, the factual allegations and the reasonable inferences that flow from them set forth circumstances which establish, for purposes of facial sufficiency, that defendant knowingly acted in a manner likely to be injurious to the physical, mental or moral welfare of the minor children who were present. While it is possible that defendant did not participate in smoking the marihuana and was merely present while, or shortly after, another person engaged in the behavior, this is an issue for trial. For the purposes of facial sufficiency, the present pleadings adequately establish the charge of endangering the welfare of a child, inasmuch as they give the defendant notice sufficient to prepare a defense and are adequately detailed to prevent defendant from being tried twice for the same offense (see People v Casey, 95 NY2d 354 [2000]).