*996 OPINION OF THE COURT
Michael J. Yavinsky, J.
The defendant is charged with one count each of endangering the welfare of a child, criminal possession of a controlled substance in the seventh degree, and unlawful possession of marihuana.
Defendant, in an omnibus motion, seeks: (1) dismissal of the count of endangering the welfare of a child for facial insufficiency, (2) a MappIDunaway hearing, (3) a Dunaway ¡Huntley hearing, (4) an order precluding statement and identification evidence, (5) an order to compel a bill of particulars and discovery, (6) a Sandoval hearing, and (7) reservation of rights.
The defendant’s omnibus motion is decided as follows:
Dismissal for Facial Insufficiency
The defendant moves to dismiss the count of endangering the welfare of a child for facial insufficiency pursuant to Criminal Procedure Law § 170.30 (1) (a) and § 170.35. For the reasons stated herein, the defendant’s motion is denied.
Section 100.40 (1) of the Criminal Procedure Law states that an information is sufficient on its face when it substantially conforms with the requirements of CPL 100.15, when the allegations provide reasonable cause to believe that the defendant committed the offense charged, and when the nonhearsay allegations establish, if true, every element of the offense charged and the defendant’s commission thereof. “So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading.” (People v Casey, 95 NY2d 354, 360 [2000]; People v Kalin, 12 NY3d 225 [2009].) While this “prima facie case requirement is not the same as the burden of proof beyond a reasonable doubt required at trial” (see People v Henderson, 92 NY2d 677, 680 [1999]), the failure to satisfy the requirements of CPL 100.40 (1) (c) creates a jurisdictional defect to the criminal action. (People v Alejandro, 70 NY2d 133, 137 [1987]; Kalin, 12 NY3d 225 [2009].)
When analyzing the factual allegations of an information, and whether or not those allegations provide reasonable cause to believe the defendant committed the charged offense, it is important to refer to the definition of reasonable cause that the
*997 Legislature has provided us in Criminal Procedure Law § 70.10
(2):
“ ‘Reasonable cause to believe that a person has committed an offense’ exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it.”
The factual portion of the instant accusatory instrument provides, in relevant part, that on March 17, 2009 at approximately 8:30 p.m. inside 430 West 125th Street, apartment 14B, in New York County:
“Deponent [Detective John Borst] states that deponent recovered three small Ziploc bags of marijuana from a room inside the above location and that defendant stated in substance to deponent in reference to said room THIS IS MY BEDROOM, THIS IS WHERE I SLEEP . . .
“Deponent further states that deponent also recovered one clear bag of crack/cocaine from the above mentioned room. . . .
“Deponent further states that the above described offenses occurred in the presence of a child that appeared to be seven years old, approximately 45 inches tall, and approximately 60 pounds. Deponent further states that defendant stated in substance to deponent in reference to said child: THAT’S MY KID.”
A person is guilty of endangering the welfare of a child when he or she “knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old.” (Penal Law § 260.10 [1].)
The defendant, citing People v Grajales (179 Misc 2d 793 [Crim Ct, Bronx County 1999]) and People v Hidad (15 Misc 3d 1117[A], 2007 NY Slip Op 50734[U] [Crim Ct, NY County 2007]), claims that the accusatory instrument is insufficient because it alleges only that the child in this case was present in the same apartment where cocaine and marihuana were found without alleging any additional aggravating facts. This court does not agree.
In Grajales, the court dismissed an accusatory instrument as facially insufficient where, as here, marihuana was found in an *998 apartment where young children were present. (179 Misc 2d at 794.) The court noted the absence of “a more direct nexus between the marihuana and likely harm to the children.” (Id. at 797.) In Hidad, the court found the allegation that an infant child was in the defendant’s custody at the time when the defendant was a party to a drug transaction insufficient because there was no allegation of a dangerous action directed at the child. (15 Misc 3d 1117[A], 2007 NY Slip Op 50734[U], *1, 3.)
This court is unpersuaded by either of the cases cited by the defendant. At the outset, this court notes that, as long as the defendant knowingly acts in a manner that is likely to result in physical, mental, or moral harm to the child, it is of no moment that the harmful conduct was not actually directed at the child. (See People v Johnson, 95 NY2d 368, 373 [2000].) Additionally, courts have found allegations sufficient to support a charge of endangering the welfare of a child even absent allegations that the defendant’s conduct placed a child in physical danger. (See People v Simmons, 92 NY2d 829, 830 [1998] [teacher yelling “mocking and vulgar” remarks at a child over a six-week period]; People v Simpkins, 284 AD2d 185 [1st Dept 2001] [defendant who provided beer to a child]; People v Cruz, 152 Misc 2d 436 [Crim Ct, NY County 1991] [defendant who drove while intoxicated with his child in the car].)
The sufficiency analysis centers on whether the allegations, if true, provide reasonable cause to believe that the defendant knowingly acted in a manner that is likely to result in moral harm to the child in question. The defendant in the instant matter is alleged to have kept cocaine and marihuana in the bedroom of his apartment. At the same time that the police found the marihuana and cocaine, they observed a child of approximately seven years of age present. The contraband is alleged to be located in the same room as the child in question, and such occurrence took place at the same time that the child in question was present. There is nothing in the allegations which would lead one to conclude anything other than the alleged contraband was in that room for anyone to see. Certainly the officer in question was able to openly observe the contraband inside this room, and there is nothing in the allegations from which one could reasonably conclude that the child in question was not also free to observe these allegedly illegal substances. When a child of an impressionable age, who is capable of absorbing all of his or her surroundings, is in the presence of such substances, there is a real likelihood that he or she will come to *999 view such illegal substances as common household items. Certainly no parent would want to send their child to a play date at a friend’s house where they knew that such contraband was to be out in the open for their child to observe for fear that such exposure would likely cause some form of moral harm to their child. The likelihood of moral harm is no different where a child lives in such a location under the circumstances alleged in this accusatory instrument.
Moreover, the prospect of moral harm in such circumstances, as well as potential physical and mental harm, is neither remote nor speculative. Rather, at least one study has shown that a child whose parent uses drugs can suffer from behavioral disorders, depression, anxiety, excessive school absences, a lower IQ, and more immature and irresponsible behavior than those whose parents do not use such drugs. (See The National Center on Addiction and Substance Abuse at Columbia University, Family Matters: Substance Abuse and the American Family, at 12, available at http://www.casacolumbia.org/download.aspx7patlW UploadedFiles/3p5gsdf2.pdf [Mar. 2005].) The same study found that children of drug users are more likely to become substance abusers themselves. (Id. at 13.) Thus, this court finds that a reasonable trier of fact could find that the presence of these substances under these circumstances presents the likelihood of moral harm to the child.
Furthermore, this court disagrees with the Grajales court’s opinion that the possession of drugs in the presence of children is comparable to the possession of alcohol in children’s presence. (See Grajales, 179 Misc 2d at 797.) Although the consumption of alcohol has been proscribed in several contexts (while operating a motor vehicle, from an open container while in public, etc.), it is not otherwise unlawful to possess such beverages. In fact, there are many legal and socially acceptable occasions where alcohol is consumed. By contrast, the mere possession of cocaine or marihuana is per se illegal and harmful. Since these substances have no legitimate use, the exposure of young children to these substances poses a significant risk that they will undergo the emotional and moral harm that is incident to these substances.
In reaching its conclusion, this court is careful to avoid substituting its judgment for that of the jury which ultimately hears the evidence in this case. As such, while the court recognizes that the jury might very well conclude that the defendant’s conduct did not create a likelihood of harm to his child, this *1000 court does not believe that it would be unreasonable for a jury, after hearing evidence tending to prove the allegations listed in the accusatory instrument, to find that the defendant’s conduct had endangered the welfare of his child.
Accordingly, the defendant’s motion to dismiss the count of endangering the welfare of a child for facial insufficiency is denied.
Motion for a Mapp Hearing
The branch of the defendant’s motion seeking to suppress physical evidence that was recovered from the defendant’s residence is granted to the extent that a Mapp hearing is ordered to be held before trial. The motion to suppress the physical evidence is otherwise held in abeyance pending this hearing and is referred to the hearing judge for determination.
Motion for a Huntley/Dunaway Hearing The branch of the defendant’s motion seeking to suppress statement evidence is granted to the extent that a Huntley/ Dunaway hearing is ordered to be held before trial. The motion to suppress the statement is otherwise held in abeyance pending this hearing and is referred to the hearing judge for determination.
Motion to Preclude Statement and Identification Evidence The branch of the defendant’s motion seeking to preclude evidence of any belatedly noticed statements or identification procedures is denied since there is no indication that the People intend to introduce any such evidence at trial. The defendant is granted leave to renew this branch of the motion should he become aware of any statements or identification procedures that the People will seek to introduce in proving their direct case.
Motion to Compel a Bill of Particulars and Discovery The branch of the defendant’s motion seeking a bill of particulars and discovery is to be regarded as a request for a bill of particulars pursuant to CPL 200.95 and a demand for discovery pursuant to CPL 240.20. The motion is granted to the extent that the People have provided already in both their response and the voluntary disclosure form that they turned over in this case.
The People are reminded of their continuing obligations under Brady v Maryland (373 US 83 [1963]).
*1001 Motion for a Sandoval Hearing
The branch of the defendant’s motion seeking a Sandoval hearing and notice from the People of specific instances of prior uncharged criminal, vicious or immoral conduct is granted to the extent that the defendant has leave to re-submit this portion of the motion to the trial judge.
Reservation of Rights
The branch of the defendant’s motion seeking the right to make further motions is granted to the extent provided for by CPL 255.20 (3).